UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Amy S. Desilets, ) | Civil Action No.: 2:14-cv-01693-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Carolyn W. Colvin, Acting Commissioner ) | |
| of the Social Security Administration, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Plaintiff Amy S. Desilets seeks judicial review, pursuant to 42 U.S.C. § 405(g), of a final decision of the Commissioner of the Social Security Administration (the Commissioner) denying her claim for disability insurance benefits (DIB) and Supplemental Security Income (SSI) under the Social Security Act (the Act). The matter is before the Court for review of the Report and Recommendation (R & R) of United States Magistrate Judge Mary Gordon Baker, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) for the District of South Carolina. *See* R & R, ECF No. 20. The Magistrate Judge recommends the Court affirm the Commissioner's decision. R & R at 5, 14.

**Factual Findings and Procedural History**

In May 2011, Plaintiff applied for DIB and SSI, alleging a disability onset date of July 27, 2002, due to bipolar disorder, calcanious heel fracture, compressed back fractures, and Erb's palsy. (R 367). The Commissioner denied her application initially and on reconsideration, so Plaintiff requested a hearing before the Administrative Law Judge (ALJ). The ALJ held a hearing on July 24, 2012[1], and

---

[1] At the hearing the claimant amended her alleged onset date to August 1, 2010.

1

issued an unfavorable decision on September 24, 2012 finding Plaintiff was not disabled from August 1, 2010 through the date of the decision. (R 147-156). The Appeals Council denied the plaintiff's request for review, after considering certain new evidence submitted by the plaintiff, and the ALJ's findings became the final decision of the Commissioner of Social Security. Plaintiff then appealed to this Court.

The ALJ's findings were as follows:

1. The claimant meets the insured status requirements of the Social Security Act through September 30, 2010.

2. The claimant has not engaged in substantial gainful activity since August 1, 2010, the amended alleged onset date (20 CFR 404.1571 *et seq.* and 416.971 *et seq*).

3. The claimant has the following severe impairments: disorders of the spine and status-post repair of calcaneal fracture with chronic pain, Erb's Palsy, bipolar disorder, anxiety, and attention deficit hyperactivity disorder (20 CFR 404.1520(c) and 416.920(c)).

. . . .

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

. . . .

5. After careful consideration of the entire record, I find the claimant has the residual functional capacity to perform a reduced range of sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a). Specifically, the claimant is able to lift and carry up to 10 pounds occasionally and lesser amounts frequently, sit for 6 hours in an 8-hour day, and stand and walk occasionally with a sit/stand option at the workstation. The claimant is limited to performing simple, repetitive tasks in a low stress setting defined as requiring no

>     major decision-making or changes in the work setting. She
>     also is restricted from interacting with the general public.
>
>     . . . .
>
>     6. The claimant is unable to perform any past relevant work (20
>        CFR 404.1565 and 416.965).
>
>     . . . .
>
>     7. The claimant was born on April 27, 1986 and was 16 years old[2],
>        which is defined as a younger individual age 18-44, on the alleged
>        disability onset date (20 CFR 404.1563 and 416.963).
>
>     8. The claimant has at least a high school education and is able to
>        communicate in English (20 CFR 404.1564 and 416.964).
>
>     9. Transferability of job skills is not material to the determination of
>        disability because using the Medical-Vocational Rules as a framework
>        supports a finding that the claimant is "not disabled," whether or not
>        the claimant has transferable job skills (See SSR 82-41 and 20 CFR
>        Part 404, Subpart P, Appendix 2).
>
>     10. Considering the claimant's age, education, work experience, and
>         residual functional capacity, there are jobs that exist in significant
>         numbers in the national economy that the claimant can perform
>         (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).
>                          . . . .
>     11. The claimant has not been under a disability, as defined in the Social
>         Security Act, from August 1, 2010, through the date of this
>         decision (20 CFR 404.1520(g) and 416.920(g)).

R. 147-156.

On April 28, 2014, Plaintiff filed a complaint seeking judicial review of the Commissioner's decision. Complaint, ECF No. 1. Both Plaintiff and the Commissioner filed briefs, ECF Nos. 15, 17, and 18, and the Magistrate Judge issued her R & R on July 27, 2015, recommending that the Commissioner's decision be affirmed, ECF No. 20. Plaintiff timely filed objections on August 10,

---

[2] The Magistrate Judge notes that the plaintiff was actually 24 years old on the alleged onset date, but that the ALJ properly categorized the plaintiff as a younger individual age 18-44. R&R, p. 2-3, note 1.

2015.  Pl.'s Objs., ECF No. 23.  The Commissioner replied to the objections on August 27, 2015. Def.'s Reply, ECF No. 25.

Plaintiff argues that the ALJ erred in applying an incorrect legal standard regarding the new evidence presented to the Appeals Council and erred in weighing the evidence.  She also asserts that the ALJ erred in evaluating Plaintiff's credibility and in evaluating her RFC.

## **Standard of Review**

The federal judiciary has a limited role in the administrative scheme established by the Act, which provides the Commissioner's findings "shall be conclusive" if they are "supported by substantial evidence."  42 U.S.C. § 405(g).  "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance."  *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

This statutorily mandated standard precludes a de novo review of the factual circumstances that substitutes the Court's findings for those of the Commissioner.  *Vitek v. Finch*, 438 F.2d 1157, 1157-58 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299, 302 (4th Cir. 1968).  The Court must uphold the Commissioner's factual findings "if they are supported by substantial evidence and were reached through application of the correct legal standard."  *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012); *see also Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972) (stating that even if the Court disagrees with the Commissioner's decision, the Court must uphold the decision if substantial evidence supports it).  This standard of review does not require, however, mechanical acceptance of the Commissioner's findings.  *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969).  The Court "must not abdicate [its] responsibility to give careful scrutiny to the whole record to assure that there is a sound

foundation for the [Commissioner]'s findings, and that [her] conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

## The Court's Review of the Magistrate Judge's R & R

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

## Determination of Disability

Under the Act, Plaintiff's eligibility for the benefits she is seeking hinges on whether she is under a "disability." 42 U.S.C. § 423(a). The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous

period of not less than 12 months." *Id.* § 423(d)(1)(A). The claimant bears the ultimate burden to prove disability. *Preston v. Heckler*, 769 F.2d 988, 991 n.\* (4th Cir. 1985). The claimant may establish a prima facie case of disability based solely upon medical evidence by demonstrating that his impairments meet or equal the medical criteria set forth in Appendix 1 of Subpart P of Part 404 of Title 20 of the Code of Federal Regulations. 20 C.F.R. §§ 404.1520(d) & 416.920(d).

If such a showing is not possible, a claimant may also establish a prima facie case of disability by proving he could not perform his customary occupation as the result of physical or mental impairments. *See Taylor v. Weinberger*, 512 F.2d 664, 666-68 (4th Cir. 1975). This approach is premised on the claimant's inability to resolve the question solely on medical considerations, and it is therefore necessary to consider the medical evidence in conjunction with certain vocational factors. 20 C.F.R. §§ 404.1560(a) & 416.960(a). These factors include the claimant's (1) residual functional capacity, (2) age, (3) education, (4) work experience, and (5) the existence of work "in significant numbers in the national economy" that the individual can perform. *Id.* §§ 404.1560(a), 404.1563, 404.1564, 404.1565, 404.1566, 416.960(a), 416.963, 416.964, 416.965, & 416.966. If an assessment of the claimant's residual functional capacity leads to the conclusion that she can no longer perform her previous work, it then becomes necessary to determine whether the claimant can perform some other type of work, taking into account remaining vocational factors. *Id.* §§ 404.1560(c)(1) & 416.960(c)(1). Appendix 2 of Subpart P governs the interrelation between these vocational factors. Thus, according to the sequence of evaluation suggested by 20 C.F.R. §§ 404.1520 & 416.920, it must be determined (1) whether the claimant currently has gainful employment, (2) whether she suffers from a severe physical or mental impairment, (3) whether that impairment meets or equals the criteria of Appendix 1, (4) whether, if those criteria are met, the impairment prevents her from returning to

6

previous work, and (5) whether the impairment prevents her from performing some other available work.

## Discussion

### *Claimant's Arguments based on Mascio Case*

The claimant asserts in her objections that the Magistrate Judge "failed to explain why the ALJ's limitation to unskilled work accommodates a finding that she suffered moderate limitations in concentration, persistence, and pace." The claimant cites in support of her argument a Fourth Circuit published decision issued after the briefing in this case had concluded and therefore not cited to the Magistrate Judge, *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015). In *Mascio*, the claimant asserted that the hypothetical to the vocational expert (VE) was legally insufficient in failing to include her mental limitations. At step three, the ALJ had found that Mascio had an adjustment disorder and also that she had moderate difficulties with concentration, persistence, or pace as a side effect of her pain medication. However, the ALJ did not include in his hypothetical to the VE any mention of the mental limitations. The court agreed with other circuits that have held that "an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.'" *Id*. at 638, citing *Winschel v. Comm'r of Soc. Sec*., 631 F.3d 1176, 1180 (11th Cir. 2011) as joining the Third, Seventh, and Eighth Circuits. The court agreed with Mascio that "the ability to perform simple tasks differs from the ability to stay on task" and that "only the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Mascio*, 780 F.3d at 638. The court further stated:

> Perhaps the ALJ can explain why Mascio's moderate limitation in concentration, persistence, or pace at step three does not translate into a limitation in Mascio's residual functional capacity. For example, the ALJ may find that the concentration, persistence, or pace limitation does not affect Mascio's ability to work, in which case it would have

>been appropriate to exclude it from the hypothetical tendered to the vocational expert. But because the ALJ here gave no explanation, a remand is in order.

*Id.* (citation omitted) . *See Jones v. Colvin*, No. 4:14CV00200RN, 2015 WL 4773542, at *1 (E.D.N.C. Aug. 13, 2015) (collecting cases from the North Carolina district remanding cases "because the limitation in concentration, persistence, and pace was not accounted for in the RFC and/or hypothetical question to the VE"). *See also, Bailey v. Colvin*, No. 5:14cv0248, 2015 WL 2449044, at *13 (D.S.C. May 21, 2015)[R&R adopted after no objections filed, finding "[h]ere, although the ALJ's RFC finding was appropriate based on the consultants' opinion as to his ability to *perform **simple tasks***, the ALJ's RFC does not account for Plaintiff's limitations in **concentration, persistence,** or **pace** as to his ability to *stay on **task***. Accordingly, the undersigned is unable to determine if substantial evidence supports the ALJ's RFC assessment." (emphasis in original)]

In the case at bar, the ALJ found at step three that the claimant did not meet a mental impairment listing, but he made the following findings:

>With regard to concentration, persistence or pace, the claimant has moderate difficulties. The claimant stated when she is stable mentally and physically, she does well following instructions but when not taking medications and in pain, she stated she has difficulty especially with spoken instructions. She reported the most difficulty handling stress.

(R. 150) In the RFC, the ALJ "limited her to performing simple, repetitive tasks that are low stress and require no major decision-making or changes in the work setting in crediting some of her complaints of increased mental symptoms with stress." (R. 154) However, the limitation to simple tasks does not sufficiently address the claimant's limitations in concentration, persistence, or pace as they relate to the RFC. Therefore, this case must be remanded for the ALJ to further consider the claimant's limitations in concentration, persistence, or pace as they relate to the RFC.

### *New Evidence Submitted to Appeals Council*

The Appeals Council must consider additional evidence if it is "(a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision." *Wilkins v. Secretary, Dep't of Health and Human Servs.*, 953 F.2d 93, 95-96 (4th Cir. 1991). "Evidence is new within the meaning of this section if it is not duplicative or cumulative," and "[e]vidence is material if there is a reasonable possibility that the new evidence would have changed the outcome." *Wilkins*, 953 F.2d at 95-96.

In *Meyer v. Astrue*, 662 F.3d 700 (4th Cir.2011), the Fourth Circuit held that the Appeals Council is not required to articulate its rationale for denying a request for review. *Id*. at 707. The Fourth Circuit then stated that, when the Appeals Council receives additional evidence and denies review, the issue for the court is whether the ALJ's decision is supported by substantial evidence. *Id*. Further, the court held that when the evidence is one-sided, the court may be able to determine whether substantial evidence supports the ALJ's decision. *Id*. In *Meyer*, however, the court held it could not determine whether substantial evidence supported the ALJ's decision and thus remanded the case to the Commissioner for a rehearing. *Id*.

Here, the Appeals Council considered the additional evidence listed on an order by the Appeals Council (R. 5-6) and also considered other records listed in the Notice of Appeals Council Action (R. 104), including records from Lowcountry Orthopaedics and Sports Medicine dated July 7, 2012 through November 12, 2012. The Appeals Council did not consider certain other records from 2013, as it found that the information concerned a later time.

In considering the new evidence from 2009-2012, the Appeals Council implicitly found that it was new, material, and relates to the period on or before the date of the ALJ's decision. Therefore, it was not necessary for the Magistrate Judge to determine whether the evidence was new or material.

9

Also, under *Meyer*, the Appeals Council was not required to give reasons for denying the request for review. The issue for the Court is, thus, whether it can determine whether the ALJ's decision was supported by substantial evidence without remanding the case for the ALJ to weigh the new evidence. Here, the Court finds that, since the case is being remanded regarding the RFC, then the ALJ should also evaluate the new evidence considered by the Appeals Council which is referenced in the claimant's objections, that being the notes from the plaintiff's July 17, 2012 and November 7, 2012 visits to Dr. Patel at Low Country Orthopaedics.

### *Credibility*

The claimant argues that the ALJ's credibility analysis is inconsistent, as he found that the claimant's impairments could cause the pain alleged, but he later found "no significant pathology" for her pain. Since the case is being remanded for re-evaluation of the RFC and consideration of the new evidence, the ALJ should also re-evaluate the claimant's credibility. This is particularly appropriate given the additional holding of *Mascio* that the ALJ should determine a claimant's credibility before evaluating the RFC.

### *Functional Effects of Erb's Palsy*

Finally, the claimant contends in her objections that, in the RFC determination, the ALJ failed to account for the functional effects of the Erb's palsy on her shoulder. As noted by the Magistrate Judge, the ALJ did take into account to some extent the functional effects of the Erb's palsy: "I restricted the claimant to sedentary work and provided her with a sit/stand option to prevent aggravation of back and neck pain and to account for lifting limitations related to Erb's palsy." (R. 154) However, since the Court is remanding the case for other reasons, the ALJ should also re-evaluate the functional effects of the Erb's palsy on her shoulder.

**Conclusion**

For the foregoing reasons, the Court respectfully rejects the recommendation of the Magistrate Judge. The action is remanded to the Commissioner to properly evaluate the claimant's RFC, the new evidence accepted by the Appeals Council, the claimant's credibility, and to continue the sequential evaluation process.

The Commissioner's decision is reversed pursuant to sentence four of 42 U.S.C. § 405(g) and the case is remanded to the Commissioner for further administrative action.

**IT IS SO ORDERED**.

s/R. Bryan Harwell
R. Bryan Harwell
United States District Judge

September 28, 2015
Florence, South Carolina